IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANDRII SHVABSKYI and<br>TAMARA SHVAVBSKYI<br><br>    Plaintiffs,<br><br>  v.<br><br>FED EX GROUND PACKAGE SYSTEM, INC.,<br>and SHAWN P. MORRISON,<br><br>    Defendants | Case No. 2:21-cv-2242<br><br>(Macon County Case No. 2021 L 59) |

## NOTICE OF REMOVAL

NOW COMES the Defendants, FEDEX GROUND PACKAGE SYSTEM, INC. and SHAWN P. MORRISON, by and through their counsel, JOEL D. GROENEWOLD and KOPKA PINKUS DOLIN, PC, and pursuant to 28 U.S.C. §§1441 and 1446, and hereby serve Notice of the Removal of this action to the United States District Court for the Central District of Illinois, Urbana Division. In support of the notice, Defendants state as follows:

This case arises out of a lawsuit filed in the Circuit Court of Macon County, Illinois on or about July 8, 2021. See attached Exhibit "A", Plaintiffs' Complaint at Law. This Defendant seeks removal based upon Diversity of Citizenship and Diversity of Jurisdiction.

The removed case is a civil action filed in the Circuit Court of Macon County, Illinois, bearing Macon County Case No. 2021L59, and styled *Andrii Shvabskyi and Tamara Shvabskyi, v. FedEx Ground Package System, Inc. and Shawn P. Morrison*. As required by 28 U.S.C. §1446(a) copies of process, pleadings, and other papers or exhibits filed in the State Court are attached as "Exhibit A."

Plaintiff served Defendant Shawn P. Morrison on August 8, 2021. Plaintiff served FedEx Ground Package System, Inc. on July 23, 2021. True and correct copies of the pleadings received by this defendant are contained within Exhibit A. This Notice of Removal is filed within the initial time to respond to the initial pleading and within one year of the commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

In the complaint, Plaintiffs' allege personal injuries as a result of a motor vehicle accident which occurred on August 5, 2020 on Eastbound Interstate 72 at or near milepost 150 in Friends Creek Township, Macon County, State of Illinois. Specifically, Plaintiff Andrii Shvabskyi alleges he "suffered and will continue to suffer injuries of a personal and pecuniary nature." Plaintiff, Tamara Shvabskyi, further alleges that she has "suffered and will continue to suffer injuries of a personal and pecuniary nature and loss of consortium." Each Plaintiff is alleging damages in excess of $75,000, plus costs, stemming from multiple Negligence, Respondeat Superior, Negligent Entrustment, and Negligent Hiring, Training, Supervision and Retention Counts contained within Plaintiffs' Complaint at Law.

Plaintiffs, Andrii Shvabskyi and Tamara Shvabskyi, have been residents and citizens of the State of Michigan, at all relevant times.

At all times herein mention, Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., has been a resident and citizen of the State of Delaware, the state wherein FEDEX GROUND PACKAGE SYSTEM, INC., is incorporated and the State of Pennsylvania, the state where FEDEX GROUND PACKAGE SYSTEM, INC maintains its principal place of business.

At all times herein mention, Defendant, SHAWN P. MORRISON has been a resident of the County of Sangamon, State of Illinois.

Accordingly, for purposes of determining whether Diversity Jurisdiction exists under 28 U.S.C. §1332(c)(1), at all relevant times, Plaintiffs are residents and citizens of the State of Michigan and the Defendants have not been residents or citizens of the State of Michigan.

All that is required for removal based upon Diversity Jurisdiction is a "reasonable probability" that more than $75,000 is in controversy. *See Rising-Moore v. Red Roof Inns., Inc.* 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claim(s) alleged in the Complaint at Law distills the facts for the Court to determine whether it is more likely true than not that the amount in controversy excessed the jurisdictional requirement. *See McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 943 (N.D. Ill. 2002) (the amount in controversy is generally "obvious from a common sense reading of the Complaint").

Here, Plaintiffs have complied with Illinois pleading requirements, which call upon the plaintiffs to assert that his/her/their damages are greater or less than a certain amount. In this case, each Plaintiff seek damages in excess of $75,000 based upon claims of past and future pain and suffering, injury, and future damages. See Exhibit "A", Count I-VI.

In addition to medical expenses, Illinois Courts allow a plaintiff to recover for each injury alleged in a complaint. *See LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 706 N.E.2d 441, 455, 235 Ill. Dec. 886 (Ill. 1998) (lost wages); *Smith v. City of Evanston*, 260 Ill. App. 3d 925, 631 N.E.2d 1269, 1279, 197 Ill. Dec. 810 (Ill. App. Ct. 1994) (disability or loss of normal life); *Holston v. Sisters of Third Order of St. Francis*, 165 Ill. 2d 150, 650 N.E.2d 985, 997, 209 Ill. Dec. 12 (Ill. 1995) (disfigurement); *Scheibel v. Groeteka*, 183 Ill. App. 3d 120, 538 N.E.2d 1236, 1248, 131 Ill. Dec. 680 (Ill. App. 1989) (pain and suffering). Here, the Plaintiffs allege extremely nonspecific injuries, potentially including permanent injuries, which Plaintiff Andrii Shvabskyi further alleges will give rise to future treatment, indefinitely.

Diversity Jurisdiction has been asserted in a matter involving allegations that "plaintiff presently suffer[ed] from…injuries in Illinois, where [s]he [sought] treatment and [would] continue to become obligated for large sums of money for medical and hospital care and attention." *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002). Here, Plaintiffs are alleging essentially the same. Plaintiffs will continue to need care for the injuries allegedly sustained on the date of the alleged incident.

When a plaintiff provides little information about the value of their claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). The Court further acknowledges that whether a plaintiff *actually* recovers more than $75,000 is immaterial; "what matters is the amount put in controversy on the day of removal." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002). In such a case, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

In a diversity action, the court will not dismiss a case because of a jurisdictional amount deficiency "unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Based upon the allegations in Plaintiffs' Complaint, there is a reasonable probability that the amount in controversy in this case excess $75,000, exclusive of interest and costs. The instant lawsuit involves two Plaintiffs claiming injuries valued in excess of $75,000, notwithstanding the value of permanency alleged and future pain and suffering.

It is well-settled in the Seventh Circuit that if a plaintiff has a modest claim that she does not want to litigate in federal court, "[s]he can avoid that fate, in a case in which only monetary

relief is sought, simply by stipulating that [s]he is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). The Court asserted that such a stipulation must be made at the time the suit is filed since jurisdiction is determined as of then and not later. *Id.* Since Plaintiff did not make such a stipulation, "the inference arises that [s]he thinks his claim may be worth more." *Id.*

Defendant has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met (*See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). Therefore, Defendant's good-faith estimate is acceptable if it is plausible and supported by a preponderance of the evidence. Per *Oshana*, Plaintiffs can only defeat jurisdiction only if it appears to a legal *certainty* that they cannot recover an amount that exceeds the jurisdictional amount. Such a legal certainty is absent within the four corners of the complaint; thus, the Central District has jurisdiction over this matter.

For the foregoing reasons, this is an action wherein the United States District Court for the Central District of Illinois has original jurisdiction, pursuant to 28 U.S.C. §§1332, because the matter in controversy exceeds the value of $75,000, exclusive of costs and interest, and Plaintiffs and Defendants are residents and citizens of different states.

Accordingly, Diversity Jurisdiction exists and this lawsuit was properly removed to this Court pursuant to 28 U.S.C. §§1441-1446.

This Notice of Removal was timely filed by the Defendant within the timeframe prescribed by this Court, pursuant to 28 U.S.C. §§144 (6)(b).

Plaintiffs' counsel has been or will be served with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants, FEDEX GROUND PACKAGE SYSTEM, INC. and SHAWN P. MORRISON, pursuant to 28 U.S.C. §§1441, remove this action from the Circuit Court of Macon County to this Court for further proceedings, and further, for any additional relief that the Court deems just.

**DEFENDANTS DEMAND TRIAL BY JURY.**

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: */s/Joel D. Groenewold*
One of the Attorneys for Defendants

Joel D. Groenewold
KOPKA PINKUS DOLIN PC
200 W. Adams, Suite 1200
Chicago, IL 60606
(312) 782-9920
(312) 782-9965 Fax
JDGroenewold@kopkalaw.com
Attorney No.  6237227